UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 2:11-CR-53-PPS ) No. 2:17-CV-109-PPS ) |
| UNITED STATES, | ) ) |
| Defendant. | ) |

**<u>OPINION AND ORDER</u>**

Smith filed a Motion to Request the Release of Petitioner on Bond Pending the Decision of His C.O.A. Under 28 U.S.C. § 2253(c)(2) in the Court of Appeals for the Seventh Circuit [DE 234]. For the reasons stated below, the motion [DE 234] is DENIED.

On June 6, 2013, a jury found Smith guilty of all six counts in the indictment involving drug trafficking and transferring firearms, although I later dismissed one count. I sentenced Smith to the mandatory minimum sentence of 480 months imprisonment. Smith moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing he was denied effective assistance of counsel based upon his first counsel's purported failure to address a conflict of interest and that his right to a speedy trial was violated.

In a lengthy order dated September 21, 2018, I denied Smith's section 2255 petition. [DE 218.] I won't recite the facts of this case again, as they are summarized in that order, as well as in the opinion of the Seventh Circuit in denying Smith's direct

appeal. *See United States v. Smith*, 792 F.3d 760, 761-63 (7th Cir. 2015).

Smith filed a notice of appeal, appealing my order on the section 2255 petition, on November 30, 2018. [DE 225.] He now requests to be released on bond pending the Seventh Circuit's decision on his certificate of appealability. The Government has not filed anything in response.

Smith cites *Alton v. United States*, 928 F. Supp. 885, 889 (E.D. Mo. 1996), in support of his argument that he should be released on bail pending his appeal. *Alton* recognized that "[d]istrict courts have inherent authority to release an inmate on bail pending a decision on a petition for a writ of habeas corpus or a motion under § 2255, but that authority is to be used sparingly." *Id.* However, in that case, the court found that the petitioner did not demonstrate the existence of a substantial constitutional issue on which he was likely to prevail, and no exceptional circumstances were present that required the petitioner's immediate release in the interests of justice. *Id.*

The Seventh Circuit similarly has noted that such power to order release or grant bail pending resolution of a Section 2255 petition should "be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). Indeed:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.* at 337. Here, where Smith's appeal has already been denied, it is unlikely that he

was convicted unjustly.

Smith has not shown a high probability of success or any exceptional or extraordinary circumstances. While Smith continues to argue that he was denied effective counsel because of conflict issues, I already addressed and rejected conflict and waiver arguments in ruling on his section 2255 motion. Smith has many years of his 40-year sentence remaining, and he has not shown that this is one of the rare instances where bail pending the decision of the Seventh Circuit is warranted.

For these reasons, the Motion to Request the Release of Petitioner on Bond Pending the Decision of His C.O.A. Under 28 U.S.C. § 2253(c)(2) in the Court of Appeals for the Seventh Circuit [DE 234] is DENIED.

SO ORDERED.

ENTERED: August 28, 2019.

    s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT